UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

———————————————————————————————

DUDLEY SCOTT

                       Plaintiff,

v.

CITY OF ROCHESTER, et al.

                       Defendants.

REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Civil No.: 6:17-cv-06004-FPG

———————————————————————————————

## POINT I - CONSPIRACY

Plaintiff alleges that intra-corporate conspiracy doctrine is a "legal fiction". Not only does he not provide legal support for this assertion, he also argues against his own claim. He asserts that it is impossible for officers, who act individually by function of law, to act in concert. However, he then correctly cites the statute which requires "two or more persons***who conspire…." Again, "To prove a § 1983 conspiracy [claim], a plaintiff must show: (1) an agreement between two or more state actors, or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999); *Bussey v. Phillips*, 419 F. Supp. 2d 569, 586 (S.D.N.Y. 2006). Plaintiff has asserted no facts to support a plausible claim in this regard. Plaintiff also did not properly plead class based animus, and has made no plausible showing that his interaction with police was motivated by his membership in a protected class.

Moreover, "[C]ourts in this district have consistently applied the intra-corporate or intra-enterprise theory in recent cases factually similar to the instant action. *See Danielak v. City of New York*, No. 02-2349, 2005 U.S. Dist. LEXIS 40901, 2005 WL 2347095, at \*14 (E.D.N.Y. Sept. 26, 2005) (holding plaintiff's conspiracy claims barred by intra-corporate conspiracy

doctrine because all of the individual defendants were employees of the New York City Police Department, and were acting within the scope of their employment as police officers when they arrested plaintiff); *Johnson v. City of New York*, No. 01-1860, 2004 U.S. Dist. LEXIS 2517, 2004 WL 502929, at *5 (E.D.N.Y. Jan. 12, 2004) (finding that intra-corporate conspiracy doctrine bars plaintiff's claims because all of the individual defendants' actions occurred while they were officers, agents or employees of the City of New York); *Malone v. City of New York*, No. 05-2882, 2006 U.S. Dist. LEXIS 61866, 2006 WL 2524197, at *11 (E.D.N.Y. Aug. 30, 2006) [**39] (finding intra-corporate conspiracy doctrine [*454] bars plaintiff's claims because all defendants are Department of Corrections employees); *Everson*, 216 F. Supp. 2d at 76 (dismissing plaintiff's conspiracy claim because New York City Transit Authority cannot conspire with one of its own employees under the intra-corporate conspiracy doctrine). Accordingly, Plaintiff's conspiracy claims must be dismissed because the City Defendants cannot be found to have conspired with fellow agents of the City and/or with the City." *Chaudhuri v. Green,* 689 F. Supp. 2d 438, 453-454 (W.D.N.Y. 2010).

Accordingly, the conspiracy claim should be dismissed.

## POINT II –MONNELL CLAIMS

Plaintiff attempts to use general FBI statistics of arrests rates of African Americans in Rochester and a newspaper article to justify a claim against the City of Rochester. In support of using a single newspaper article and outdated arrest numbers provided without associated reports, context or analysis, Plaintiff cites *White v. City of New York*, 2015 US Dist. Lexis 10072. However the Court found the following in *White*:

> "In the DOJ Findings Letter, the DOJ asserts that during fiscal year 2013, there were 1,057 injuries among males in 565 reported incidents. (*Id.* at ¶ 41). According to Plaintiff, these figures support the existence of a "'deep-seated culture of violence' against inmates," in which "'brute force is the first impulse rather than the last resort.'" (*Id.* at ¶¶ 40, 42 (citing DOJ Findings Letter 3)). To that end, Plaintiff provides numerous examples of correction officers abusing prisoners. For example, Plaintiff includes an excerpt from the DOJ Findings Letter detailing an incident where, after reportedly being disruptive while waiting to enter a dining hall, an inmate was "taken down by a Captain and punched repeatedly on his head and upper torso while he lay face down on the ground."

(*Id.* at ¶ 43)." *White v. City of New York*, 2015 U.S. Dist. LEXIS 100772, *6 (S.D.N.Y. July 31, 2015).

The data and analysis provided in *White* is readily distinguishable from Plaintiff's attempt to overcome dismissal by citing arrest totals from 2011 and the Democrat and Chronicle. In *White*, Plaintiff relied on an exhaustive, 79 page Department of Justice report showing clear patterns of abuse. No such showing is made here.

Therefore, for the reason articulated herein and in Defendants' prior memorandum, this cause of action should be dismissed with prejudice.

### POINT III – FAILURE TO TRAIN/SUPERVISE

Plaintiff argues that asserting multiple, unsubstantiated, abuse allegations is a basis for a negligent hiring, training and supervision claims. However, in *Worthy v. City of Buffalo*, 2013 U.S. Dist. LEXIS 146242 (W.D.N.Y 2013) the Court held that in the Western District of New York it is unlikely that documents relating to unsubstantiated claims of excessive force would lead to admissible evidence. Moreover, the Court cited *Crenshaw v. Herbert 409* Fed.Appzx. 428 (2d. Cir. 2011) in holding ***that even if evidence of a prior substantiated excessive force investigation existed, such evidence would not be relevant to the particular facts of the case at bar***. *Crenshaw* at 430. [Emphasis added].

Also, "A municipality may be liable under 42 U.S.C.S. § 1983 for failure to train where it acts with deliberate indifference in disregarding the risk that its employees will unconstitutionally apply its policies without more training, but the failure to train must occur under circumstances constituting deliberate indifference. Additionally, plaintiffs must identify a specific deficiency in a municipality's training program and establish that this deficiency was closely related to the ultimate injury, such that it actually caused the constitutional deprivation. Plaintiffs must establish that an officer's shortcomings result from a faulty training program rather than from the negligent administration of a sound program or other unrelated circumstances. The factfinder's inferences of inadequate training and causation must be based on

more than the mere fact that the misconduct occurred in the first place." *Santiago v. City of Hartford*, 2005 U.S. Dist. LEXIS 19898 (D. Conn. Sept. 12, 2005).

"In *Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992) 507 U.S. 961, 113 S. Ct. 1387, 122 L. Ed. 2d 762 (1993), in ruling on a motion to dismiss, the Second Circuit discussed the circumstances where failure to train would be sufficient to reflect a municipality's deliberate indifference and amount to a government policy or custom. The Court Jeld that in order to establish deliberate indifference from a failure to train, a plaintiff must show (1) "that a policymaker knows 'to a moral certainty' that [his] employees will confront a given situation"; (2) "that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation"; and (3) "that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." *Id*." *Santiago v. City of Hartford*, 2005 U.S. Dist. LEXIS 19898, *11 (D. Conn. Sept. 12, 2005). Plaintiff has submitted no plausible evidence with respect to any of the prevailing factors.

Plaintiff cites *Fiacco v. City of Rensselaer*, 783 F.2d 319, 328 (2d. Cir. 1986) in opposition to dismissal. Plaintiff has merely "alleged a widespread pattern" without any proof of same. *Fiacco* involved Defendants' attempt to overturn a jury verdict by arguing that the admission of of prior force complaints were unfairly prejudicial. The Court found that the volume of complaints and clear proof that those complaints were essentially ignored, supported the jury's finding of deliberate indifference by the City. Presently, Plaintiff has produced no plausible claim, not by Affidavits, official reports and records that are readily available through FOIL, or any other manner of due diligence that would present plausible evidence. Moreover, *Fiacco* held "[A] plaintiff cannot prevail on a § 1983 claim against a municipality without introducing other evidence. Proof that other claims were met with indifference for their truth may be one way of satisfying the plaintiffs' burden." *Fiacco v. Rensselaer*, 783 F.2d 319, 328, 1 (2d Cir. N.Y. 1986). No such plausible showing has been made in the present case.

Accordingly, to the extent that Plaintiff raises claims based on negligent hiring, training or supervision, those claims should be dismissed.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss, with prejudice, and its application for costs and fees, and to provide such additional and further relief as the Court deems appropriate.

DATED: March 30, 2017    BRIAN F. CURRAN, CORPORATION COUNSEL

                                        BY: s/SPENCER L. ASH, ESQ, of Counsel
                                              *Attorneys for Defendants*
                                              City Hall Room 400A, 30 Church Street
                                              Rochester, New York 14614
                                              (585) 428-6699

To:    David A. Johns, Esq.
         Attorney for Plaintiff
         4139 Mill Street, Box 114
         Pultneyville, New York 14538
         Rochester, New York 14618